UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **Interprofession du Gruyère, et al.,** | |
| Plaintiffs, | |
| v. | Civil Action No. 1:20cv01174-TSE-TCB |
| **U.S. Dairy Export Council, et al.,** | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS / COUNTERCLAIM-PLAINTIFFS' MOTION TO SEAL A PORTION OF SUMMARY JUDGMENT MATERIALS**

Defendants/Counterclaim-Plaintiffs, U.S. Dairy Export Council, Atalanta Corporation, and Intercibus Inc. (collectively, "Defendants"), by and through their undersigned counsel, respectfully move this Court for an order directing that a small portion of the materials submitted in support of Defendants' motion for summary judgment, filed on Monday, March 29, 2021, be and continue to be sealed. Specifically, Defendants move to seal:

- the unredacted version of Exhibit A to the Brzozowski Declaration (*see* Docket #64);

- the unredacted version of Exhibit A to the Costello Declaration (*see* Docket #65);

- the unredacted version of Exhibit A to the Hoyt Declaration (*see* Docket #66);

- the unredacted versions of Exhibit 3 and Exhibit 5 to the Sweeney Declaration (*see* Docket #67); and

- the unredacted version of Defendants' brief in support of their motion for summary judgment (*see* Docket #63).

In support of their Motion to Seal a Portion of Summary Judgment Materials (the "Motion to Seal"), Defendants state as follows:

**I.      Background**

Plaintiffs/Counterclaim-Defendants, Interprofession du Gruyère and Syndicat Interprofessionel Du Gruyère (collectively, "Plaintiffs"; Defendants and Plaintiffs, collectively, the "Parties") filed their complaint in this action to request a review and reversal of the August 5, 2020, precedential decision of the Board (the "Board Decision") in the underlying proceedings before the TTAB, Opposition No. 91232427. The record of the TTAB Proceedings has been made part of the record in this case, and those portions of it that were sealed before the TTAB have also been sealed in this case. (Docket #56, #59.)

Defendants have moved for summary judgment and, in connection with their motion for summary judgment, have filed evidence on which they intend to rely, portions of which have been designated "Attorneys Eyes Only" by parties and/or non-parties, consistent with the applicable protective order, and the parties therefore have sought to protect it in keeping with the terms of the protective order. (Docket #48, ¶¶ 2, 3, 5(f).) Thus, the Defendants have filed these materials under seal.

With this motion, they request that the Court order that the materials remain under seal in perpetuity.

**II.     Standard of Review**

"The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In Re: Knight Pub. Co.*, 743 F.2d 231, 236 (4th Cir. 1984). *Ashcraft v. Conoco, Inc.* sets out three requirements for sealing court filings in the Fourth Circuit: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing. 218 F.3d 282, 288 (4th Cir. 2000) (citing *Stone v. University of Maryland Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988); *In re Knight*

*Publishing Co.*, 743 F.2d at 235 (4th Cir. 1984)).

Under this District Court's Local Civil Rule 5, a party must make a good faith effort to identify the minimum amount of information to protect the legitimate interests, and "blanket sealing" of entire documents is "rarely appropriate." Loc. R. Civ. P. 5(C). This Court requires parties to submit proposed orders outlining the specific findings required by law. *Id.* When a party asks a court to seal documents, it must submit a non-confidential memorandum providing:

(1) A non-confidential description of what material has been filed under seal;

(2) A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request;

(3) References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied; and

(4) Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.

Loc. R. Civ. P. 5(C). When the information sought to be sealed was designated as confidential by a non-movant, such non-movant must comply with requirements (2), (3), and (4) to comply with this rule. *Id.*

### III.   Argument

This motion requests that the Court seal confidential information, primarily the trade-sensitive information of third parties.

   a.   Exhibit A to the Brzozowski Declaration (*see* Docket #64)

Exhibit A to the Brzozowski declaration contains: (1) correspondence between third-party Dietz & Watson and the Plaintiffs (D&W-0001-17); (2) labels of Dietz & Watson's gruyere products (D&W-0018-21); and (3) a table showing Dietz & Watson's sales of gruyere from 2009 through 2021 (D&W-0022). Third-party Dietz & Watson labeled that last item—its sales records— "Attorneys Eyes Only," as contemplated by the operative protective order, and accordingly it is just

that single item that Defendants have redacted and request to file under seal.

The Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1832 et seq. (2016), defines trade secrets as "all forms and types of ***financial*** [*emphasis added*], business, scientific, technical, economic, or engineering information ..." that "the owner thereof has taken reasonable measures to keep ... secret." § 1839(3). This information must also "derive independent economic value... from not being generally known...." *Id*. Trade secrets, as a general matter, are accorded special protection from public disclosure in discovery in civil litigation. See, e.g., Fed.R.Civ.P. 26(c)(1)(G) (providing that a protective order entered by a court may "requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way").

Third-Party Dietz & Watson's confidential sales data described above meets this broad definition of trade secrets under the DTSA.

As the Eighth Circuit explained in *In re Iowa*, "[t]rade secrets are a peculiar kind of property" because "[t]heir only value consists in their being kept private." 724 F.2d at 662. Accordingly, many courts have considered the trade secret status of testimony or materials submitted to a court a significant private interest to be weighed against the common law, or even the First Amendment, right of public access that would otherwise apply to them. *Compare Valley Broad.*, 798 F.2d at 1294 (assessing tests adopted by various circuit courts and noting that, *inter alia*, the presence of "trade secret materials" would "counsel[ ] against such access" under the common law analysis); *Brown & Williamson*, 710 F.2d at 1179–80 (noting that "[c]ourts have carved out several distinct but limited common law exceptions to the strong presumption in favor of openness," including "trade secrets," which are "a recognized exception to the right of public access to judicial records") with *Publicker*, 733 F.2d at 1070–71, 1073 (citing *Stamicarbon, N.V. v. American Cyanamid Co.*, 506 F.2d 532,

539–42 (2d Cir. 1974), for the proposition that one of the "exceptions to the presumptive openness of judicial proceedings" is "the protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm" and citing *Zenith Radio Corp. v. Matsushita Electrical Industrial Co.*, 529 F.Supp. 866, 890 (E.D. Pa. 1981), for the proposition that "an interest in safeguarding a trade secret may overcome a presumption of openness" even when otherwise guaranteed by the First Amendment right of access); *In re Iowa*, 724 F.2d at 664 (holding that a private party's property interests in its trade secrets sufficed to override the media's First Amendment right of access).

Although the Fourth Circuit has not taken a position on this issue in any published decision, it did adopt the Eighth Circuit's rationale to an extent. *See Woven Elecs. Corp. v. Advance Group*, Inc., 930 F.2d 913, 1991 WL 54118, *6–7 (4th Cir. 1991) (table disposition). There, the Fourth Circuit noted that "[o]ther courts have specifically recognized an exception to the public's right of access when a case involves trade secrets." *Id*. at 6 (citing *Valley Broad.*, 798 F.2d at 1294; *In re Iowa*, 724 F.2d 658; *Brown & Williamson*, 710 F.2d at 1180). The Fourth Circuit continued to cite the analysis of *In re Iowa* extensively and, although it followed that case in emphasizing that it was "not announcing a blanket rule that the presence of trade secrets will in every case and at all events justify the closure of a hearing or trial," it acknowledged that such action by the district court would be appropriate in certain circumstances. *Id*. at 6.

Out of an abundance of caution to avoid any prospective liability under the DTSA, and corresponding state laws in the relevant states which may have jurisdiction over Defendants, to respect their obligations to third-party Dietz & Watson, and for the general protection of Dietz & Watson, Defendants have filed this Motion to Seal seeking to protect from disclosure those trade secrets produced to them by Dietz & Watson during discovery pursuant to a subpoena in this case.

There is no less restrictive alternative which would safeguard the materials. For these reasons, Defendants request that the unredacted version of Exhibit A to the Brzozowski Declaration (*see* Docket #64) be sealed and remain sealed in perpetuity.

      b. Exhibit A to the Costello Declaration (*see* Docket #65)

Exhibit A to the Costello declaration contains: (1) labels applied to third-party Glanbia's gruyere products (GN000001); and (2) a table showing production and sales information of Glanbia's gruyere products from 2016 through present (GN-000002-3). Third-party Glanbia labeled that latter item—its sales records—"Attorneys Eyes Only," as contemplated by the operative protective order, and accordingly it is just that single item (spanning two pages) that Defendants have redacted and request to file under seal.

As discussed *supra* with respect to Dietz & Watson's confidential sales information—namely, to avoid prospective liability under the DTSA, to respect its obligations to third-party Glanbia, and for the general protection of Glanbia—Defendants have filed this Motion to Seal seeking to protect from disclosure those trade secrets produced to them by Glanbia. There is no less restrictive alternative which would safeguard the materials. For these reasons, Defendants request that the unredacted version of Exhibit A to the Costello Declaration (*see* Docket #65) be sealed and remain sealed in perpetuity.

      c. Exhibit A to the Hoyt Declaration (*see* Docket #66)

Exhibit A to the Hoyt declaration contains: (1) labels applied to third-party Frank Brunckhorst's gruyere products (BRUNCKHORST-000002-3); and (2) a table showing sales information of Frank Bruckhorst's gruyere products from 2017 through present (BRUNCKHORST-000001). Third-party Frank Brunckhorst labeled that latter item—its sales records—"Attorneys Eyes Only," as contemplated by the operative protective order, and accordingly it is just that single item that

Defendants have redacted and request to file under seal.

As discussed *supra* with respect to Dietz & Watson's confidential sales information—namely, to avoid prospective liability under the DTSA, to respect its obligations to third-party Frank Brunckhorst, and for the general protection of Frank Brunckhorst—Defendants have filed this Motion to Seal seeking to protect from disclosure those trade secrets produced to them by Frank Brunckhorst. There is no less restrictive alternative which would safeguard the materials. For these reasons, Defendants request that the unredacted version of Exhibit A to the Hoyt Declaration (*see* Docket #66) be sealed and remain sealed in perpetuity.

    d. <u>Exhibits 3 and 5 to the Sweeney Declaration (Docket #67)</u>

Exhibit 3 to the Sweeney declaration contains, among other things: (1) the deposition testimony of non-party Emmi Roth; and (2) a table showing sales information of Emmi Roth's gruyere products from 2012 through present (DDX1). Third-party Emmi Roth labeled portions of the deposition testimony regarding its sales as well as that latter item—its sales records—"Attorneys Eyes Only," as contemplated by the operative protective order, and accordingly it is just these two items that Defendants have redacted and request to file under seal.

As discussed *supra* with respect to Dietz & Watson's confidential sales information—namely, to avoid prospective liability under the DTSA, to respect its obligations to third-party Emmi Roth, and for the general protection of Emmi Roth—Defendants have filed this Motion to Seal seeking to protect from disclosure those trade secrets produced to them by or disclosed during deposition of Emmi Roth. There is no less restrictive alternative which would safeguard the materials. For these reasons, Defendants request that the unredacted version of Exhibit 3 to the Sweeney Declaration (*see* Docket #67) be sealed and remain sealed in perpetuity

Exhibit 5 to the Sweeney Declaration contains, among other things: a table showing "Sales of French Gruyère in the United States" (GRUY-18), which was produced by the Plaintiffs during the

underlying TTAB proceedings and designated, at that time, as "Attorneys Eyes Only," as contemplated by the TTAB protective order. These sales figures, like those of the third parties, are—upon information and belief—the trade secret materials of the plaintiffs. Defendants have no objection to their being sealed, and out of an abundance of caution request that the Court seal them, consistent with the other items discussed in this brief. Accordingly, Defendants also request that the unredacted version of Exhibit 5 to the Sweeney Declaration (*see* Docket #67) be sealed and remain sealed in perpetuity.

    e.   <u>Brief in Support of Motion for Summary Judgment (*see* Docket #63)</u>

The Defendants' brief in support of its motion for summary judgment cites to and, on occasion, quotes and/or reproduces portions of the foregoing trade-secret materials. Defendants have redacted only that information that would, in fact, reveal information or material from one of the foregoing trade-secret sources information and that has been deemed "Attorneys Eyes Only" by a party or third party pursuant to the operative protective order. For the same reasons as described for those individual trade-secret sources, the Defendants respectfully request that their redacted brief in support of motion for summary judgment (*see* Docket #63) be sealed and remain sealed in perpetuity.

**IV.  Conclusion**

For all the foregoing reasons, Defendants move to seal:

- the unredacted version of Exhibit A to the Brzozowski Declaration (*see* Docket #64);
- the unredacted version of Exhibit A to the Costello Declaration (*see* Docket #65);
- the unredacted version of Exhibit A to the Hoyt Declaration (*see* Docket #66);
- the unredacted versions of Exhibit 3 and Exhibit 5 to the Sweeney Declaration (*see* Docket #67); and
- the unredacted version of Defendants' brief in support of their motion for summary

judgment (*see* Docket #63).

| | |
|---|---|
| Date: March 29, 2021 | Respectfully submitted, |

By Counsel:

/s/ Robert Powers
Robert Powers
Zachary Miller
MCCLANAHAN POWERS, PLLC
8133 Leesburg Pike, Suite 130
Vienna, VA 22182
Telephone: (703) 520-1326
Facsimile:  (703) 828-0205
Email: rpowers@mcplegal.com
zmiller@mcplegal.com
pghale@mcplegal.com

Brian G. Gilpin *(pro hac vice)*
Zachary R. Willenbrink *(pro hac vice)*
GODFREY & KAHN, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Telephone:  414-273-3500
Facsimile:  414-273-5198
Email:  bgilpin@gklaw.com
zwillenbrink@gklaw.com

Jennifer L. Gregor *(pro hac vice)*
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison , WI 53703-3300
Telephone:  608-257-3911
Facsimile:  608-257-0609
Email:  jgregor@gklaw.com

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing document via CM/ECF.

Date: March 29, 2021                                          By: /s/ Robert Powers
                                                                  Robert Powers

25066232.