UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| INTERPROFESSION DU GRUYERE, *et al.*, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:20-cv-1174 (TSE/TCB) |
| U.S. DAIRY EXPORT COUNCIL, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

This matter comes before the Court on Defendants U.S. Dairy Export Council, Atalanta Corporation, and Intercibus, Inc.'s ("Defendants") Motion to Seal Portion of Summary Judgment Materials (Dkt. 75) and their supporting memorandum (Dkt. 76). Defendants seek to seal the unredacted versions of:

i. Exhibit A to the Brzozowski Declaration (Dkt. 80);

ii. Exhibit A to the Costello Declaration (Dkt. 81);

iii. Exhibit A to the Hoyt Declaration (Dkt. 82);

iv. Exhibits 3 and 5 to the Sweeney Declaration (Dkts. 83, 84); and

v. Defendants' brief in support of their motion for summary judgment ("Brief") (Dkt. 79).

District courts have authority to seal court documents "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Procedurally, a district court may seal court filings if it (1) "provide[s] public notice of the request to seal and allow[s] interested parties a reasonable opportunity to object, (2) consider[s]

less drastic alternatives to sealing the documents, and (3) provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.* Upon consideration of Defendants' filings the Court makes the following findings.

First, Defendants have provided public notice of its request to seal and interested parties have been given a reasonable opportunity to object. Defendants filed their motion to seal and public notice on March 29, 2021. (*See* Dkts. 75, 78.) Because over seven days have elapsed since Defendants filed the motion to seal and public notice, and no interested party has objected, the Court may treat this motion as uncontested under Local Civil Rule 5(C). *See* L. Civ. R. 5(C). Accordingly, Defendants have satisfied this requirement under *Ashcraft* and the Local Civil Rules.

Second, this Court has considered less drastic alternatives. Defendants filed redacted versions of the Brief and the above-listed exhibits. (*See* Dkts. 63-67.) This selective protection of information constitutes the least drastic measure of sealing confidential material. *See Adams v. Object Innovation, Inc.*, No. 3:11cv272-REP-DWD, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011) "[The] proposal to redact only the proprietary and confidential information, rather than seal the entirety of [the document], constitutes the least drastic method of shielding the information at issue."), *report and recommendation adopted*, 2012 WL 135428 (E.D. Va. Jan. 17, 2012).

Finally, the Court finds reason to seal the Brief and supporting exhibits. The materials contain confidential and trade-sensitive information of third parties that is designated as "Attorneys Eyes Only" under the parties' protective order.  Public disclosure of this information could therefore cause competitive harm to the parties in this lawsuit and third parties.

Accordingly, it is hereby

**ORDERED** that Defendants' motion to seal (Dkt. 75) is **GRANTED**. Docket numbers 79, 80, 81, 82, 83, and 84 shall remain permanently under seal.

ENTERED this 6th day of April, 2021.

                                                              /s/
                                      THERESA CARROLL BUCHANAN
                                      UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia